IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD MILLER,**　　　　　　　　　　　　Case No.: 2:09-CV-00240

　　Plaintiff,　　　　　　　　　　　　　　　Judge Graham

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge King

**DETECTIVE STEVEN ROBERTS, et al.,**

　　Defendants.

## ORDER

This matter is before the court on a motion for summary judgment , pursuant to Fed. R. Civ. 56 filed by Defendants Detective Steven Roberts (Roberts), Sergeant William Mingus (Mingus), and the City of Columbus (City) (collectively defendants). The plaintiff was granted a three week extension, until January 22, 2010, in which to file a responsive pleading and plaintiff has nonetheless failed to file a response. Plaintiff also failed to file responses to two earlier motions: a motion to dismiss filed by defendant Fairfield County and a motion for judgment on the pleadings filed by Defendant Franklin County, both of which were granted by the court.

**I.　FACTS**

On March 30, 2007, Miller was in Millersburg, Ohio attending an exotic animal show. At approximately 9:00 p.m., he received a phone call from his neighbor who told him that there were several law enforcement vehicles outside of plaintiff's home. Plaintiff called the Fairfield County Sheriff's Office and was told that there were no law enforcement vehicles at his home, but he continued to receive additional calls from neighbors alerting him to law enforcement's

1

presence. After three more calls to the Sheriff's office, plaintiff received a call from a Detective Roberts, asking for consent to search plaintiff's home. Because the detective could not guarantee the safety of plaintiff's animals in the home, plaintiff asked the detective to wait to begin the search until plaintiff arrived. At some point, plaintiff was informed by his sister that law enforcement had already entered the house, but when he arrived at his home, law enforcement was waiting outside for a search warrant. The warrant was received between 1:30 and 2:00 a.m. on March 31, 2007. Police then searched the premises until approximately 4:30 a.m.

On March 30, 2009, plaintiff filed his complaint, alleging violations of 42 U.S.C. § 1983 against Columbus, Ohio Police Department employees Detective Steven Roberts, Deputy Robert McKee, Sergeant Bill Mingus, Fairfield County Sheriff's Deputy Shaun Malloy, and twenty four John Doe agents of the United States Government[1], in their individual capacity, the County of Fairfield and the City of Columbus. Plaintiff alleges violations of 42 U.S.C. §1983 for an illegal search of his property and for civil conspiracy against the individual officers. Defendants Fairfield County, Fairfield County Sherriff Deputy Malloy, and Franklin County have all been dismissed from this action. Thus, the only remaining defendants are Deputy Robert McKee[2], Sergeant Bill Mingus, John Doe Agents and the City of Columbus.

Defendants Roberts, Mingus and the City of Columbus filed their motion for summary

---

[1] The twenty four John Does are believed to be agents of the Federal Drug Enforcement Agency, the Federal Bureau of Investigation, and/or other Federal law enforcement agencies.

[2] Although Deputy McKee is alleged to be an employee of the City of Columbus, he is in fact an employee of the Fairfield County Sheriff's Office. (Affidavit of Det. Steven Roberts at ¶ 4).

judgment on December 15, 2009. Pursuant to Local Rule 7.2.(a)(2), plaintiff had twenty-one days, or until January 8, 2010, in which to file a memorandum in opposition. On January 8, 2010, the court granted plaintiff's request for an extension of time in which to respond. Plaintiff's response was due on January 22, 2010. To date, no response has been filed by plaintiff.

In their motion for summary judgment, defendants allege that there are no genuine issues of material fact remaining on any claims against these defendants. For the reasons set forth below, defendants' motion is GRANTED in its entirety.

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium). The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case at issue, LaPointe, 8 F.3d at 378, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005); Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993). In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir.

3

1993). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. See also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994)

## II. ANALYSIS

### A. 42 U.S.C. §1983

#### 1. Claims Against the City of Columbus

In order to establish a claim under 42 U.S.C. §1983 against the City, the plaintiff must

establish that his injury was the result of an official custom or policy of the city. See, Kime v. Wise, 634 F. Supp. 514, 516 (N.D. Ohio 1985) (citing Pembaur v. Cincinnati, 746 F.2d 337, 341 (6th Cir. 1984))( in order to establish a section 1983 violation against a county, the plaintiff must "identify the policy, connect the policy to the county, and show that the particular injury was incurred because of the execution of that policy in order to impose liability upon the county.").

Both counts of plaintiff's complaint are directed solely at the individual defendants and not at the City. There are no allegations in the complaint with regard to any policy or custom of the City nor how the individual defendants acted in accordance with that policy to violate plaintiff's rights. Accordingly, plaintiff's complaint against the City for violation of 42 U.S.C. §1983 must fail.[3]

### II.     Claims against Roberts and Mingus

Plaintiff alleges that the "individual defendants" violated his constitutional right to be free from unreasonable search and seizure by conducting a search of the property without a warrant or consent. In response to his allegation, the individual moving defendants, Detective Roberts and Sergeant Mingus, have provided sworn affidavits averring that they did not conduct any search prior to obtaining the warrant. (See Roberts Affidavit at ¶8; Mingus Affidavit at ¶5). Plaintiff has failed to provide a counter affidavit or any other evidence to refute the defendants' sworn statements. "Where a motion for summary judgment is supported by an affidavit, which is uncontroverted, the trial court is warranted in sustaining the motion." Williams v. Baltimore & O. R. Co., 303 F.2d 323, 324 (6th Cir. 1962) (citing Schaffer v. United States, 232 F.2d 632 (6th

---

[3]     Furthermore, there is no evidence that the City was ever served with the Complaint. The Court docket does not reflect that service was either attempted or completed on the City.

5

Cir. 1956); see also, Casinelli v. U.S., 703 F.2d 559 (6th Cir. 1982) (where plaintiff failed to respond to affidavits filed by government with its motion for summary judgment, if the uncontroverted affidavits of the defendant establish that there was no genuine issue and that it was entitled to judgment in its favor, it was appropriate for the court to enter summary judgment).

Defendants have averred that they did not enter the plaintiff's property prior to obtaining the search warrant. Plaintiff has failed to provide any evidence to the contrary. Accordingly, defendants have established that there is no issue of material fact remaining and summary judgment in their favor is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment of Steven Roberts, William Mingus, and the City of Columbus (doc. 18) is GRANTED. The clerk shall enter final judgment in favor of the defendants Steven Roberts, William Mingus, and the City of Columbus dismissing Plaintiff's complaint against these defendants only with prejudice at Plaintiff's cost.

The only remaining defendant is Fairfield County Deputy Robert McKee. Plaintiff makes no specific allegations against McKee in his complaint. The court dismissed Fairfield County Sheriff's employee Deputy Shaun Meloy from this action based on the fact that the plaintiff failed to allege any personal involvement by Meloy in the alleged constitutional violation. Plaintiff is therefore ordered to SHOW CAUSE within fifteen days why defendant McKee should not be dismissed on the same grounds. Plaintiff is advised that the failure to respond to the motion within fifteen days as directed by the court will result in the granting of the dismissal of defendant McKee for failure to prosecute.

IT IS SO ORDERED.

    S/ James L. Graham

James L. Graham
UNITED STATES DISTRICT JUDGE

Date:   March 1, 2010